### JOHN H. HONNEMEYER v. JOHN FISCHER.

1. INJURY TO FURNITURE BY LANDLORD HAVING ROOF REMOVED AT IMPROPER TIME—INDEPENDENT CONTRACTOR NOT LIABLE.

The injury to furniture in a residence resulting from replacing the old roof with a new one, is one that might be anticipated as a direct or probable consequence of the performance of the work, if reasonable care is omitted in selecting the time of performance; hence, the doctrine that the independent contractor is alone responsible does not apply.

2. REMOVING ROOF DURING IMPENDENCY OF UNUSUAL STORM IS PROXIMATE CAUSE OF INJURY TO FURNITURE, WHEN.

Where the injury occurred to the tenant's furniture by reason of the landlord's negligence in removing the roof of the house at a time when he knew that a heavy storm was impending, he is liable therefor, not-

Honnemeyer v. Fischer.

withstanding the storm was an unprecedented one, because the original negligence was the proximate cause, and the unusual storm merely increased the amount of the damages.

3. BURDEN OF PROOF NOT ON PLEADER WHEN ALLEGATIONS NOT DENIED.

Where the answer alleges that plaintiff is indebted to defendant for certain rent, which allegation is not controverted by reply or otherwise, an instruction to the jury that the burden of proof is upon defendant to prove the allegation is erroneous.

ERROR to Hamilton common pleas court.

**D. F. Cash** and **F. J. Dorger,** for plaintiff in error:

The storm was an unprecedented one, and beyond human foresight to guard against. The doctrine of *vis major* applies. Pollock, Torts (6 ed.) 405; *Nichols* v. *Marsland,* L. R., 10 Ex. 255.

The work was not necessarily dangerous; it was done by an independent contractor, and the owner is not liable. The general rule applies. (*Railway* v. *Morey,* 47 Ohio St. 207 [24 N. E. Rep. 269]; *Covington & C. Bridge Co.* v. *Steinbrock,* 61 Ohio St. 215 [55 N. E. Rep. 618; 76 Am. St. Rep. 365n.]; *Jacobs* v. *Fuller & Hutsinpiller Co.* 67 Ohio St. 70 [65 N. E. Rep. 617], have no application.) *Cincinnati* v. *Stone,* 5 Ohio St. 38; *Lawrence* v. *Shipman,* 39 Conn. 586; *Hoff* v. *Shockley,* 122 Iowa 720 [98 N. W. Rep. 573]; *Wiese* v. *Remme,* 140 Mo. 289 [41 S. W. Rep. 797]; *Mahon* v. *Burns,* 9 Misc. (N. Y.) 223 [29 N. Y. Supp. 682]; affirmed, *Mahon* v. *Burns,* 13 Misc. (N. Y.) 19 [34 N. Y. Supp. 91]; *O'Connor* v. *Schnepel,* 12 Misc. (N. Y.) 356 [33 N. Y. Supp. 562]; *Jefferson* v. *Jameson,* 165 Ill. 138 [46 N. E. Rep. 272].

**Edward M. Ballard,** for defendant in error, cited:

*Railway* v. *Morey,* 47 Ohio St. 207 [24 N. E. Rep. 269]; *Wertheimer* v. *Saunders,* 95 Wis. 573 [70 N. W. Rep. 824; 37 L. R. A. 146]; *Sultzbacher* v. *Dickie,* 6 Daly (N. Y.) 469; *Glickauf* v. *Maurer,* 75 Ill. 289 [20 Am. Rep. 238].

GIFFEN, J.

The injury to furniture in a dwelling house resulting from replacing the old roof with a new one, is one that might be anticipated as a direct or probable consequence of the performance of the work, if reasonable care is omitted in selecting the time of performance, and hence, the doctrine that the independent contractor is alone responsible does not apply. *Railway* v. *Morey,* 47 Ohio St. 207 [24 N. E. Rep. 269; 7 L. R. A. 217].

Where the testimony shows that the injury occurred to the tenant's furniture by reason of the negligence of removing the roof at a time when the landlord knew that a heavy storm was impending, he is liable,

notwithstanding the storm was an unprecedented one, for the reason that the original negligence was the proximate cause, and the unusual storm merely increased the amount of the damages. 1 Am. & Eng. Enc. Law (1 ed.) 592.

The plaintiff was therefore entitled to recover, although we think the damages awarded by the jury were excessive, and that the actual loss was not in excess of $50.

The court erred in charging the jury that the burden of proof was on the defendant to establish by a preponderance of the evidence that the plaintiff owed $12.50 for rent, when the allegation was not controverted by a reply or otherwise. Laning R. L. 8596 (R. S. 5081). Deducting the amount of rent from the $50, the balance of $37.50 is all the plaintiff should recover.

If he will consent to a *remitittur* of all in excess of $37.50, the judgment will be affirmed; otherwise, reversed and cause remanded for a new trial.

**Jelke** and **Swing, JJ.,** concur.